By the Court.
The plaintiff in error company was in November, 1919, furnishing natural gas to the city of Ironton for public and private use, as the successor and assignee of Germer and O’Brien, under a franchise granted to them by the council of'the city on December 6, 1897, for a period of twenty-five years from that date. The franchise was accepted in writing by the original grantees and had been regularly assigned to the plaintiff in error.
Section 5 of the ordinance contained a provision that the grantees should furnish for public and private use to the city and its inhabitants natural gas at any rate not exceeding 27\ cents per 1,000 cubic *169 feet, with a reduction of 2\ cents per thousand for prompt payment.
Subsequently, on November 19, 1909, which was after the plaintiff in error had acquired the franchise, the council of the city passed a rate-ordinance fixing the rate for natural gas for the ensuing ten-year period. The company, accepted in writing the terms and conditions of -that rate-ordinance and furnished gas for the period therein named.
On November 24, 1919, the ten-year period having expired, the council passed another rate-ordinance fixing the rate of gas for the périod of three years, which would thereby complete the full period of the franchise granted. This ordinance the company refused to accept, and filed its complaint on appeal to the Public Utilities Commission. That body on hearing dismissed the appeal, and this proceeding is brought to reverse that order of the commission.
It is contended that the last-named ordinance was not binding on the company.
Concerning the provision in Section 5, above referred to, it will be observed that it does not fix a definite rate or purport, to fix any time during which the rate should be operative. If the franchise-contract had attempted to make a rate-contract covering a period of twenty-five years, it would have been invalid, because under the law then in force the city had no power to make a rate-contract for a longer period than ten years.
Where an instrument is .open to two constructions, one of which will establish its validity and *170 the other will render it invalid, that construction will be adopted, if the language will permit, which validates the instrument.
By the provisions of Section 2478, Revised Statutes, which was then in force, the council had power “to regulate, from time to time, the price” which such company might charge. Inasmuch as Section 5 does not purport to fix any definite period for which the rate should be effective, council was free at any-time to further regulate under the section referred to, and, by the provisions of Section 2479, Revised Statutes, the council was empowered to pass the rate-ordinance which it passed in 1909, establishing a rate for ten years, and, on the written acceptance of that ordinance by the company, under that section “it shall not be lawful for the council to require such company to furnish gas at a less price during the period of time agreed on, not exceeding ten years, as aforesaid.”
The passage of the ordinance in 1909, and its acceptance by the company, evidence that the parties themselves understood that the original Section 5 was a regulation under Section 2478, Revised Statutes, for an indefinite period.
On the expiration of that' ten-year period in 1919, the city had the right under the provisions of Section 2478, which was in effect at the time of the making of the franchise-contract, to regulate the price for the three years that remained under the original franchise-contract, and the refusal of the company to accept the three-year rate-ordinance did not nullify that power of the city.
*171 In State, ex rel. Attorney General, v. Ironton Gas Co., 37 Ohio St., 45, it is held that “A provision in a city ordinance regulating the price of gas, continuing, the price as fixed for a specified period, operates, under Section 2479 of the Revised Statutes, as a proposition to the gas company to supply gas upon the terms prescribed in the ordinance, which, if accepted in the mode provided, precludes 'the city from lowering the price for the period named. If not thus accepted, the power of the council to regulate the price is as ample as if the ordinance contained no such provision.”
The provision requiring the furnishing of gas free for certain municipal purposes which is contained in the ordinance of November, 1919, was beyond the power of the council unless agreed to by the company.
The order of the commission will be affirmed.

Order affirmed.

Johnson, Hough, Robinson and Matthias, JJ., concur.
Wanamaker, J., concurs in the judgment.
Marshall, C. J., took no part in the consideration or decision of the case.